I will wait for counsel to come up to the front of the room. Okay, thank you very much. Ms. Richardson, whenever you're ready. Good morning, Your Honors, and may it please the Court. My name is Vanessa Richardson from Wilkie, Farr, and Gallagher, and we represent the petitioner Taji Coleman on a pro bono basis. When evaluating whether my client had identified extraordinary and compelling reasons that would warrant compassionate release, the district court found that it could not consider certain mitigating factors when those factors were taken into consideration at the time of the original sentencing. We submit that that's an error of law because under the standard established by this court in Brooker, district courts are permitted to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring. Here, the district court wrongly held that multiple compelling factors, including the fact that my client was only a teenager during the predicate offenses, which were unarmed chain snatchings in which no one was injured, and the fact that the first chain snatching took place shortly after his childhood friend was shot and died in his arms, could not constitute extraordinary and compelling reasons to grant a reduction in sentence because they were taken into consideration at the time of the sentencing. As a result of this- Did the district court actually say that? The district court says defendants used at the time of the underlying offenses in his difficult childhood trauma do not constitute extraordinary and compelling reasons for compassionate release, period. It's just in the parenthetical where he's citing some other case when he says mitigating factors such as childhood trauma and loss do not constitute an extraordinary and compelling reason for compassionate release when factors were taken into consideration at the time of sentencing. So, I mean, it's a really weird way to adopt a general statement to just put it in a parenthetical characterization of another district court opinion. So why shouldn't we read that as just describing what happened in the United States versus Moy, which is the case that he's citing? Well, two reasons, Your Honor. First, I don't submit that you can read that sentence in that paragraph in any other way. In fact, the district court says it twice, once in a legal citation to Moy where it is presented as a statement of applicable law and then again in the sentence immediately following it in the recitation of facts that support his analysis. There's no other explanation in the opinion for why he's not considering these factors. So the next sentence is defendant's mandatory minimum sentence of 180 months imprisonment was lawfully imposed under controlling authority and his difficult childhood circumstances were also taken into consideration at the time of sentencing. But then he says, however difficult and troublesome the defendant's youth was, it does not give rise to the type of extraordinary and compelling circumstance that warrants release. So isn't the district court just saying I've looked at it and I've decided it is not an extraordinary and compelling circumstance that warrants release? He's not saying I'm necessarily prohibited from considering it at this juncture, is he? Respectfully, Your Honor, I don't read it that way. That however difficult and troublesome defendant's youth was to me is it doesn't – you literally could say anything no matter what you said about his sentence. I'm not considering it because it cannot give rise to the type of extraordinary and compelling circumstances that warrant release because of the statements above. I see what you're saying. Okay. And so – sorry. As a result of that error, Mr. Coleman has never had a meaningful opportunity to have his youth and his grief at the murder of his friend taken into account in connection with his sentence because at the time of the original sentencing, the district court was constrained by the mandatory minimum and then the district court incorrectly found it could not consider those factors in connection with his petition. These factors have been found compelling and important in numerous other cases and we cited a number of those in the briefs. Just turning to our second argument, when the district court was weighing the Section 3553A sentencing factors, we submit that it left several critical factors off the scale, including, again, that my client was a teenager at the time of the unarmed chain snatchings and that he did not injure anyone during any of them or during the possessory offense. And we submit that this constitutes an abusive discretion because the statute and this court's prior opinions require district courts to make an individualized assessment in each case as to what is sufficient but not greater than necessary to fulfill the purposes of sentencing based on all of the Section 3553A factors. And as a result of this error, the factors the district court relied on in its three-sentence analysis of the 3553A factors cannot bear the weight assigned to them under the totality of the circumstances. I want to be clear. We're not asking you to second-guess the weight that the district court assigned to any particular sentencing factor. But Congress and this court have instructed that all of the factors must be considered, and we believe the record shows that the district court here failed to do so. Okay, thank you very much, Ms. Richardson. We'll hear from you again on rebuttal. But let's turn to the government. Ms. Takei. I apologize if I mispronounced it. Good morning, Your Honor, and may it please the court. My name is Nagar Takei, and I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal, and I also represented the United States in proceedings below. Judge Daniels did not abuse his discretion when he denied Defendant Tajji Coleman's motion for compassionate release based on two independent grounds. First, Coleman's failure to establish extraordinary and compelling reasons for early release, and second, based on the Title 18 United States Code Section 3553A factors. He did not base his ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. His written decision is squarely within the range of permissible decisions, and while Coleman may disagree with how Judge Daniels viewed what Coleman viewed to be extraordinary and compelling circumstances, and while Coleman may disagree with how Judge Daniels weighed what he viewed to be the most compelling 3553A factors, those are not sufficient grounds for finding an abuse of discretion. The district court's order should be affirmed. Well, the district court did say, I can't consider the youth and childhood trauma because it was taken into consideration in some of the sentencing. Would that be an error? That is not what the court said. Yeah, no, I'm just asking. So if the court did say that, would that be an error? Under Concepcion and under Booker and under this court's own precedent, the district court, as the district court himself acknowledged, he is afforded wide discretion under the First Step Act, and he can consider those factors either in isolation or in the totality of circumstances when deciding whether someone has sufficiently bore their burden of establishing extraordinary and compelling circumstances or when assessing the 3553A factors. Okay, so it would be an error if he had said that. So why shouldn't we read what he's saying as setting out that rule? So he says mitigating factors don't constitute extraordinary and compelling reason when they were taken into consideration in time of sentencing. And then he says, as opposing counsel points out, however difficult and troublesome his youth was, it does not give rise. It does suggest that no matter how troublesome it was, it can't, as a categorical matter, be the type of extraordinary and compelling circumstance that warrants release. Why doesn't that sound like he did adopt a categorical rule? Your Honor, I used the word weird earlier in questioning. We think that would be a strange interpretation. To be clear, when you read Moy, no such rule was established in Moy. The case that Judge Daniels himself wrote and cited in his written opinion in this case. To argue otherwise would be arguing that Judge Daniels did not understand his own written opinion in Moy, which, of course, is not the case. Instead, Judge Daniels explicitly found that he had full discretion under the First Step Act. So you think the parenthetical is just describing what happened in Moy but not necessarily setting out a rule? He's describing what he considered in Moy. And as the Court is aware, the district courts oftentimes at sentencing consider, and then again on motions for compassionate release, consider whether they considered certain circumstances in connection with sentencing, certain mitigating factors and how that informed their original sentence. When they again consider those factors in connection with the motion for compassionate release, that is often, for lack of a better term, done so that a defendant doesn't get double count, double credit for the same factors that did not change in the interim between sentencing and between the motion for compassionate release. The Court carefully considered Mr. Coleman's youth at the time of the underlying offenses and his difficult childhood trauma and found that they did not constitute extraordinary and compelling reasons when it came time for the motion for compassionate release review. And he also noted- Is the analysis affected by the fact that the sentence was a mandatory minimum and that if consideration had been given to these things, the Court wouldn't have had any power or discretion to do anything about it anyway? I'm glad Your Honor raised that. In fact, the Court did consider the defendant's youth and his childhood trauma in fashioning the sentence that it did. As the Court will recall, Mr. Coleman's guidelines range of imprisonment was 180 to 210 months' imprisonment and his statutory maximum was life. What Judge Daniels did was sentence Mr. Coleman to 180 months' imprisonment, which was at the very bottom of the applicable guidelines range, which was undisputed by both sides. Thank you. Your Honors, unless the Court has any further questions, we rest on our submission. Thank you very much. We'll turn back to Ms. Richardson on the bill. Thank you, Your Honors. Just a few points. I don't think we concede that his youth and troubling circumstances were considered below. But as we've explained in our papers, I think that is irrelevant to the question before the Court. And you don't have to decide whether he considered it below, because he was constrained by the mandatory minimum and was given a sentence within the sentencing guidelines, not a downward departure therefrom. Second, I just want to highlight, I don't think you can divorce that sentence about Moy from the next sentence. And I think when you read that paragraph as a whole, it is clear that he is not considering those factors. And then — Well, I mean, there is a different reading of it, right? So, like, I took your point that however troublesome, however difficult and troublesome his youth was, it doesn't give rise to the type of extraordinary conduct and circumstance. You could read that as, like, I just don't care how troublesome it was. It just categorically is average. But you could also understand it as him saying, well, I've looked at it, and I acknowledge that it's troublesome, but I don't think it rises to the level of extraordinary conduct and circumstance. Couldn't you read it both ways? I respectfully, Your Honor, I don't agree. But even if you were to read that one sentence as being ambiguous, I don't think in the context of the paragraph that it is. Okay. And then just the last — that's all. Thank you, Your Honors. All right. Thank you very much. Ms. Richardson, the case is submitted.